**CHAD C. SPRAKER**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**901 Front Street, Suite 1100**
**Helena, Montana 59626**
**Phone: (406) 457-5270**
**FAX: (406) 457-5130**
**Email: chad.spraker@usdoj.gov**

**MARK STEGER SMITH**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**2601 Second Ave. North, Suite 3200**
**Billings, MT 59101**
**Phone: (406) 247- 4667**
**FAX: (406) 657- 6058**
**Email Address: mark.smith3@usdoj.gov**

**ATTORNEYS FOR DEFENDANT**
United States of America

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### HELENA DIVISION

| | |
|---|---|
| **MONTANA ENVIRONMENTAL INFORMATION CENTER,**<br><br>Plaintiff,<br><br>vs.<br><br>**UNITED STATES DEPARTMENT OF ENERGY,**<br><br>Defendant. | **CV 20-29-H-SEH**<br><br>**UNITED STATES' ANSWER** |

The United States Department of Energy (DOE) hereby answers the Complaint in the above-captioned matter. The paragraph numbers below correspond to the numbered paragraphs of the Complaint.

1. The allegations in paragraph 1 consist of Plaintiff's characterization of itself and its case, and require no response. The United States denies for lack of knowledge the allegations pertaining to Plaintiff's organization, and whether the records sought support any particular efforts.

2. Defendant admits the first sentence of paragraph 2. The allegations in the second sentence contain legal conclusions, which require no response. To the extent a further response may be deemed required, Defendant admits the Freedom of Information Act (FOIA) requires production of certain documents. DOE denies for lack of knowledge whether it possesses all records sought by Plaintiff.

3. The allegations in paragraph 3 consist of legal conclusions regarding jurisdiction, and require no response. To the extent any further response may be deemed required, Defendant denies for lack of knowledge the allegations in paragraph 3.

4. The allegations in paragraph 4 consist of legal conclusions regarding venue, and require no response. To the extent any further response may be deemed required, Defendant denies for lack of knowledge the allegations in

paragraph 4.

5. Paragraph 5 consists of a legal conclusion regarding declaratory judgment, which requires no response. To the extent a further response may be deemed required, Defendant denies such relief is appropriate.

6. Paragraph 6 consists of a legal conclusion regarding injunctive relief, which requires no response. To the extent a further response may be deemed required, Defendant denies such relief is appropriate.

7. The allegations in the first, third, and fourth sentences of paragraph 7 constitute Plaintiff's characterization of an electronic FOIA request submitted to DOE on June 5, 2019, which speaks for itself and is the best evidence of its contents. Admit Plaintiff sought the specified information and requested a fee waiver. The second sentence of paragraph 7 describes DOE's web-based FOIA platform, which speaks for itself and is the best evidence of its content. Admit Plaintiff's description of the platform is generally accurate.

8. The allegations in the first two sentences of paragraph 8 consist of Plaintiff's characterization of a DOE letter, which speaks for itself and is the best evidence of its contents. Admit the letter contains the listed information. The third sentence consists of a legal conclusion, which requires no response. To the

extent any further response may be deemed required, Defendant denies paragraph 8.

9. Defendant admits the first three sentences of paragraph 9. The fourth sentence consists of Plaintiff's characterization of the referenced email, which is the best evidence of its contents. Deny the characterization is accurate.

10. The allegations in paragraph 10 consist of Plaintiff's characterization of communications with DOE, without specifying the source. In lieu of source identification, DOE denies for lack of knowledge the accuracy of the allegations.

11. The first sentence of paragraph 11 contains a partial quote from an email, which speaks for itself and is the best evidence of its contents. Deny the partial quote fully or accurately depicts the email. Defendant admits the second and third sentences.

12. The first sentence of paragraph 12 consist of Plaintiff's characterization of the referenced email, which speaks for itself and is the best evidence of its contents. Deny the characterization fully or accurately depicts the email. Defendant otherwise denies paragraph 12 for lack of knowledge or information.

13. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 13, and therefore denies such

allegations.

14. Defendant admits the first sentence of paragraph 14. Defendant lacks knowledge or information sufficient to admit or deny the second, third, or fourth sentences of paragraph 14, and so denies such allegations. The fifth sentence consists of a legal or policy conclusion of what documents should be readily available to the public, and requires no response. To the extent any further response may be deemed required, Defendant denies such allegation for lack of knowledge or information.

15. Defendant incorporates its responses to paragraphs 1 through 14 as if fully set forth herein.

16. Paragraph 16 consists of a legal conclusion, which requires no response. To the extent any further response may be deemed required, Defendant admits DOE is obligated to process proper FOIA requests in accordance with the statute.

17. Defendant denies the allegations in paragraph 17.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18, and therefore denies same.

19.-21. Defendant denies the allegations in paragraphs 19-21.

The remainder of Plaintiff's Complaint consists of a prayer for relief to which no response is required. To the extent the prayer for relief is deemed factual

in nature, the allegations are denied. Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## General Denial

To the extent any allegation in the complaint requires a response under Fed. R. Civ. P. 8(b), and is not effectively responded to above, Defendant hereby denies such allegations.

## Affirmative Defenses

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. The Court lacks subject matter jurisdiction over some or all of Plaintiff's claims.

3. Some or all of the records responsive to Plaintiff's FOIA request may be exempt, in full or in part, from release under the Freedom of Information Act.

Wherefore, Defendant denies that Plaintiff is entitled to the requested relief, or to any relief whatsoever, and requests that this action be dismissed with prejudice, that judgment be entered for the Defendant, and that the Court order such other and further relief as the Court deems appropriate.

///

///

///

**DATED** this 12th day of May, 2020.

                **KURT ALME**
                **United States Attorney**


                **/s/ MARK STEGER SMITH**
                **Assistant U.S. Attorney**
                **Attorney for Defendant**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of May, 2020, a copy of the foregoing document was served on the following person by the following means.

| | |
|---|---|
| <u>  1, 2  </u> | CM/ECF |
| <u>          </u> | Hand Delivery |
| <u>          </u> | U.S. Mail |
| <u>          </u> | Overnight Delivery Service |
| <u>          </u> | Fax |
| <u>          </u> | E-Mail |

1.  Clerk of Court

2.  David K.W. Wilson, Jr.
MORRISON, SHERWOOD, WILSON, & DEOLA, PLLP
401 N. Last Chance Gulch
P.O. Box 557
Helena, Montana 59624
(406) 442-3261 – Phone
(406) 443-7294 – fax
kwilson@mswdlaw.com
Attorneys for Plaintiff

**/s/ MARK STEGER SMITH**
**Assistant U.S. Attorney**
**Attorney for Defendant**