**CHAD C. SPRAKER**
Assistant U.S. Attorney
U.S. Attorney's Office
901 Front Street, Suite 1100
Helena, Montana 59626
Phone: (406) 457-5270
FAX: (406) 457-5130
Email: chad.spraker@usdoj.gov

**MARK STEGER SMITH**
Assistant U.S. Attorney
U.S. Attorney's Office
2601 Second Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 247- 4667
FAX: (406) 657- 6058
Email Address: mark.smith3@usdoj.gov

**ATTORNEYS FOR DEFENDANT**
United States of America

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### HELENA DIVISION

| | |
|---|---|
| **MONTANA ENVIRONMENTAL INFORMATION CENTER,** | **CV 20-29-H-SEH** |
| Plaintiff, | |
| vs. | **UNITED STATES' PRELIMINARY PRETRIAL STATEMENT** |
| **UNITED STATES DEPARTMENT OF ENERGY,** | |
| Defendant. | |

1

Pursuant to the Court's Order of May 12, 2020 and L.R. 16.2(b)(1), the United States provides the following preliminary pretrial statement:

**A.     A brief factual outline of the case**:

On June 5, 2019, the Montana Environmental Information Center (MEIC) made a Freedom of Information Act (FOIA) request to the U.S. Department of Energy (DOE) for documents regarding the Colstip coal-fired plan.   The following day, DOE provided MEIC an interim response with contact information to facilitate its request.

On June 11 and 14, 2019, MEIC and DOE communicated regarding the subject matter and date range of documents sought in MEIC's FOIA request. MEIC indicated it was seeking documents dated January 2016 to present.   In a follow up email to a telephone call on July 1, 2019, MEIC agreed to waive hard copy documents and limit its request to emails.   MEIC also agree to limit waive newsletter emails and email attachments.   On October 21, 2019, DOE provided MEIC with an update regarding the FOIA request.   The following day, MEIC clarified that it was requesting documents concerning both Colstrip and carbon capture.   DOE began its search on October 30, 2019.

MEIC filed the present case on April 9, 2020.   On June 5, 2020, DOE provided a partial FOIA response to MEIC of 35 documents totaling 88 pages

while withholding some information under applicable FOIA exemptions.   Under the parties' joint discovery plan, DOE has agreed to provide MEIC with rolling productions of its FOIA request with an estimated completion date of September 30, 2020.

      **B.**    **The basis for federal jurisdiction and for venue in the Division:**

This Court has jurisdiction and venue over this matter pursuant to 5 U.S.C. § 552(a)(4)(B).

      **C.**    **The factual basis of each claim or defense advanced by the party**:

      1.    Failure to State a Claim and Lack of Subject Matter Jurisdiction (Affirmative Defenses 1 and 2): On July 1, 2019, Plaintiff waived hard copy documents, newsletter emails, and email attachments initially requested in their FOIA request.   Therefore, their request for hard copy documents, newsletter emails, and email attachments is moot.

      2.    FOIA Exemptions (Affirmative Defense 3): Some of the information plaintiffs request is exempt from disclosure under to the deliberative process privilege and potentially other exemptions to FOIA.

///

///

**D. The legal theory underlying each claim or defense, including, where necessary to a reasonable understanding of the claim or defense, citations to authority:**

1. Failure to State a Claim and Lack of Subject Matter Jurisdiction (Affirmative Defenses 1 and 2): "Mootness is a jurisdictional issue, and "federal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists. If there is no longer a possibility that an appellant can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction." *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) (internal quotation marks and citation omitted).

2. FOIA Exemptions (Affirmative Defense 3): In order to be protected by the deliberative process privilege, a document must be both predecisional and deliberative. *Assembly of State of Cal. v. U.S. Dep't of Commerce*, 968 F.2d 916, 920 (9th Cir. 1992), *as amended on denial of reh'g* (Sept. 17, 1992). A document may be predecisional if it was "prepared in order to assist an agency decisionmaker in arriving at his decision." *Id.* at 921. Deliberative documents reveal the mental processes of decision-makers. *See id.*

**E. A computation of damages:**

The United States is not claiming damages in this case.

**F.**   **The pendency or disposition of any related state or federal litigation:**

The United States is not aware of any related litigation.

**G.**   **Proposed additional stipulations of fact not included in the Statement of Stipulated Facts,** *see* **L.R. 16.2(b)(3), and the parties' understanding as to what law applies.**

There are no additional stipulations of fact proposed by the United States.

**H.**   **Proposed deadlines relating to joinder of parties or amendment of the pleadings**:

The parties have agreed in their joint discovery plan to the deadline of July 30, 2020, to join parties or amend the pleadings.

**I.**   **Identification of controlling issues of law suitable for pretrial disposition:**

There are none.

**J.**   **The name and city and state of current residence of each individual known or believed to have information that may be used in proving or denying any party's claims or defenses, and a summary of that information. If known, the address and telephone number of the individual must be provided to all counsel on request:**

1.   Derf Johnson, MEIC Clean Water Program Director & Staff Attorney

    a.   Mr. Johnson initiated the FOIA request in this matter.

    b.   Mr. Johnson's last known place of work is Helena, Montana.

2.   Nicholas Mantzaris

      a.      Ms. Mantzaris was the initial FOIA analyst in this matter. She left employment with DOE in November 2019.

3. Anjelica Ruda

      a.      Ms. Ruda is the Program Manager assigned to this matter.

      b.      Mr. Ruda place of work is in Washington, DC metro area.

4. Veronica Jones

      a.      Ms. Jones is the FOIA Analyst assigned to this mater.

      b.      Ms. Jones's place of work is in Washington, DC.

**K.  The substance of any insurance agreement that may cover any resulting judgment:**

The United States does not have insurance that would cover an adverse judgment.

**L.  The status of any settlement discussions and the prospects for compromise of the case:**

The parties have submitted a proposed resolution to this case through their case management plan in which DOE will provide monthly rolling productions through an estimated date of September 30, 2020. If there are no additional matters requiring the Court's intervention, the parties' have further agreed to negotiate reasonable attorney's fees.

**M.  Suitability of Special Procedures:**

It is submitted that this case is not appropriate for special procedures.

DATED this 19th day of June, 2020.

KURT ALME
United States Attorney

*/s/ Chad C. Spraker*
Assistant U.S. Attorney
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of June, 2020, a copy of the foregoing document was served on the following person by the following means.

| | |
|---|---|
| __1, 2__ | CM/ECF |
| _____ | Hand Delivery |
| _____ | U.S. Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | E-Mail |

1.  Clerk of Court

2.  David K.W. Wilson, Jr.
MORRISON, SHERWOOD, WILSON, & DEOLA, PLLP
401 N. Last Chance Gulch
P.O. Box 557
Helena, Montana 59624
(406) 442-3261 – Phone
(406) 443-7294 – fax
kwilson@mswdlaw.com
Attorneys for Plaintiff

*/s/ Chad C. Spraker*
Assistant U.S. Attorneys
Attorney for Defendant